IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY BROWN, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-00029-L (BT) |
| § | |
| § | |
| CLAY COOLEY and § | |
| AUGUSTA MCGRIFF, § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bobby Brown, proceeding *pro se* and *in forma pauperis*, filed this civil action asserting claims for breach of contract, violations of his civil rights, and violations of the "Fair Work Act." For the following reasons, the district court should dismiss Plaintiff's complaint.

I.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e), which states a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.

In his initial pleading, Plaintiff states he entered an employment contract with Defendants "Clay Cooley, Augusta McGriff, and all other similar [sic] situated," which Defendants breached when they terminated his employment. He also claims Defendants directed their subordinates to falsify documents to conceal their breach of contract, and Defendants paid him less money than they owed him. Based on this conduct, Plaintiff claims Defendants breached an employment contract, violated his civil rights, and violated the "Fair Work Act." He seeks money damages as the remedy for these alleged violations.

### A.   Civil Rights

Plaintiff claims Defendants violated his "constitutional and civil rights," including his Fourteenth Amendment right to due process. To obtain relief for a violation of his civil rights under 42 U.S.C. § 1983, Plaintiff must prove two elements: (1) the deprivation of a right secured by the Constitution and laws of the United States; and (2) the deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc.*

2

*v. Brooks*, 436 U.S. 149, 155 (1978). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Here, Plaintiff has not claimed that Defendants are state actors; nor has he alleged any facts that would suggest state action. Instead, Defendants appear to be individuals working for a private employer. Plaintiff has therefore failed to allege facts establishing a reasonable inference that Defendants acted under color of state law. *See Iqbal*, 556 U.S. at 678. The Court should dismiss his civil rights claims.

**B.     Fair Work Act**

Plaintiff cites the "Fair Work Act," apparently as a basis for federal jurisdiction. However, he did not include a citation for this Act, and the Court has found no federal or State of Texas "Fair Work Act." Thus, the Court should dismiss Plaintiff's Fair Work Act claims.

**C.     State Law**

Plaintiff claims Defendants breached an employment contract. Although the Court has supplemental jurisdiction over Plaintiff's remaining state law claim under 28 U.S.C. § 1367, the Court recommends that the claim be dismissed without prejudice to Plaintiff raising the claim in state court. This recommendation is in accord with "[t]he general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal-law

claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petrol. Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Carnegie–Mellon*, 484 U.S. 343, 351 (1988)). The Court therefore recommends dismissal of Plaintiff's state law claim.

IV.

Plaintiff's state law claim should be dismissed without prejudice and his remaining claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Signed February 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).